Filed 5/28/26  P. v. Contreras CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B345088 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. |
| v. | No. 24EMCF00431) |
| ANDREW CONTRERAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rogelio Delgado, Judge.  Affirmed in part, vacated in part, and remanded.

Travis Daily, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Andrew Contreras (defendant) was convicted by a jury of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)).  After defendant admitted two prior strike convictions, he was sentenced to 25 years to life pursuant to the "Three Strikes" law (§§ 667, subd. (d), 1170.12, subd. (b)).  One of defendant's strikes stemmed from a 2014 conviction for possession of a firearm by a felon, which was elevated to a strike because of the attached gang enhancement.  Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333), enacted after defendant's 2014 conviction, introduced stricter standards for proving gang enhancements.  Relying on *People v. Fletcher* (2025) 18 Cal.5th 576 (*Fletcher*), decided after his sentencing hearing, defendant argues his prior strike finding must be vacated and his case remanded to allow the People to prove the 2014 gang enhancement under Assembly Bill 333's new standards.  Respondent agrees.  We reverse and remand to the trial court.

## BACKGROUND

### Statement of the case

On September 26, 2024, defendant was charged by information with one count of attempted murder (§§ 187, subd. (a), 664; count 1) and one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 2).  The People also alleged that defendant had suffered three prior serious and/or violent felonies within the meaning of the Three Strikes law.  Prior to trial, on the People's motion, the court dismissed count 1.  The People also amended the information to allege aggravating factors.

---

[1]     All further undesignated statutory references are to the Penal Code.

After a jury trial, on February 11, 2025, defendant was convicted of assault with a deadly weapon as alleged in count 2. Defendant waived jury trial on the strike prior allegations and the aggravating factors.

During the court trial on the prior strikes, defendant admitted to suffering a 2011 conviction for section 422 and a 2014 conviction for section 29800, subdivision (a)(1) with a gang enhancement pursuant to section 186.22, subdivision (b). The People moved to dismiss the third strike allegation stemming from a 2001 conviction because it was a misdemeanor vandalism made a felony because of the attached section 186.22, subdivision (b) gang enhancement. As such, the third strike allegation was dismissed.

Ahead of sentencing, defense counsel filed a motion to dismiss the strike priors pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The motion was filed under seal. The People filed their response to defendant's motion and asked the court not to dismiss either of the strikes.

The court considered the parties' filings as well as their oral argument and denied defendant's motion to dismiss the strike priors. Defendant was then given a third strike sentence of 25 years to life.

Defendant timely filed his notice of appeal.

**Statement of facts[2]**

On the evening of July 6, 2024, Ariel Messina boarded an eastbound bus traveling from El Monte to Baldwin Park. He sat in the second-to-last row near the back of the bus. A short time

---

[2]     Because the issue raised on appeal deals with findings made during sentencing, we only briefly recount the facts.

later, defendant boarded the bus and sat in the last row behind Messina. Without warning, defendant struck Messina on the back of the head. When Messina stood and asked what defendant was doing and why, defendant cursed at him.

As the confrontation escalated, defendant produced a homemade knife. Upon seeing the knife, Messina and another passenger backed toward the rear exit of the bus. Messina reached out to grab defendant's arm in an attempt to disarm him, and defendant swung the knife at Messina's face and neck area. The knife was dropped during the struggle, at which point, defendant punched Messina in the face multiple times.

Messina sustained multiple facial injuries. Police responded to the scene and recovered a knife from under the rear seat of the bus.

The incident was captured on surveillance cameras located throughout the bus.

## DISCUSSION

Defendant argues that his 2014 prior conviction qualified as a strike only by virtue of a gang enhancement under section 186.22 for possession of a firearm by a felon (§ 29800, subd. (a)(1)). Since this conviction in 2014, the elements of the gang allegation have been statutorily modified. Prior to 2022, an allegation of a prior conviction carrying a sentence enhancement under section 186.22, subdivision (b), was deemed a serious felony pursuant to section 1192.7, subdivision (c)(28), and could result in a sentence under the Three Strikes law. (§§ 667, subds. (d)–(i), 1170.12, subd. (c).)

In 2021, the Legislature passed Assembly Bill 333 and enacted the STEP Forward Act of 2021. (Stats. 2021, ch. 699,

4

§ 1.)  Relevant here, Assembly Bill 333 amended section 186.22 by redefining the elements required to prove gang offenses and enhancements and "narrow[ing]" the definitions of "'criminal street gang,'" "pattern of criminal activity," and "what it means for an offense to have commonly benefitted a street gang." (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)  In *Tran*, the Supreme Court held Assembly Bill 333 is ameliorative legislation that applies to nonfinal judgments as provided for in *In re Estrada* (1965) 63 Cal.2d 740.  (*Tran, supra*, at pp. 1206–1207.)

In *Fletcher*, the Supreme Court addressed the question of "whether Assembly Bill 333 applies to a sentencing court's determination of whether a defendant's conviction under the prior version of section 186.22 qualifies as a prior serious felony conviction for purposes of … the Three Strikes law." (*Fletcher, supra*, 18 Cal.5th at p. 583.)  The Supreme Court concluded that "where a defendant has suffered a conviction under the prior version of section 186.22, Assembly Bill 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law …." (*Ibid.*)  It also held that it applies retroactively to cases in which the judgment is not yet final.  (*Ibid.*)

The People agree that defendant's admission cannot be construed as establishing "that the prior included a gang allegation that was found true" under the law since the changes introduced by Assembly Bill 333.  As such, the People agree that the true finding on defendant's 2014 strike prior should be reversed, and the matter remanded to the trial court for any retrial of the strike allegation, applying the elements of section

186.22 as amended by Assembly Bill 333. (*Fletcher, supra*, 18 Cal.5th at p. 608.) We concur.

Accordingly, because "[t]here is no indication that [defendant's 2014] conviction was obtained under Assembly Bill 333's more stringent requirements" (*Fletcher, supra*, 18 Cal.5th at p. 607), we reverse the true finding on the strike prior and remand the matter to the trial court for further proceedings on the strike allegation.

## DISPOSITION

Defendant's sentence is vacated, as is the true finding that defendant's 2014 prior conviction qualifies as a prior serious felony conviction under the Three Strikes law. The matter is remanded to the trial court for any retrial of that allegation, applying the elements of section 186.22 as amended by Assembly Bill 333 and for resentencing. In all other respects, the judgment is affirmed.

CHAVEZ, Acting P. J.

We concur:

RICHARDSON, J.

GOORVITCH, J.